BETSY RITCHIE ARON, Plaintiff, *v.* HAROLD GUTHRIE ARON, Defendant.

Supreme Court, Special Term, New York County, October 4, 1940.

*Ambrose E. Chambers [George Mehlman* of counsel], for the plaintiff.

*Irving Albert [Harold G. Aron* and *Samuel R. Gerstein* of counsel], for the defendant.

BENVENGA, J. The defendant moves to be relieved from the provisions of an order adjudging him in contempt of court and the provisions of an order requiring payment of alimony and counsel fee. The defendant having purged himself of the contempt, the motion relating thereto is deemed withdrawn. The other question presented is whether, under section 1172-a of the Civil Practice Act, this court has jurisdiction of an application for an order to release a person from the provisions of an order entered in a matrimonial action directing the payment of alimony, on the ground that he is financially unable to comply with the order, where no order to punish him for contempt of court has been made pursuant to section 1172 of the Civil Practice Act or the Judiciary Law. I am convinced that this court is without jurisdiction. Section 1172-a specifically requires, as a condition precedent to jurisdiction, that an order to punish for contempt be outstanding. It provides in substance that any such person who " is directed to make payment of any sum or sums of money *and against whom an order to punish for a contempt of court has been made * * ** make application to the court for an order relieving him from such payment *and such contempt order.*" (Italics supplied.) The contempt order contemplated is one directing the payment of a sum of money. (See Civ. Prac. Act, §§ 1172, 1172-a.) Under the circumstances, this motion is denied.